Per Curiam.
The demand of the plaintiff below was not fbr "charges of the proceedings under the insolvent act;" but he had advanced money to satisfy those charges. This demand, ac~ cording to his own declaration, was for money lent to the insolvent, and he could, therefore, come in only as a general creditor; and by the act, all costs of suit, and charges of proceedings under the act, and expenses of the assignees, and a reasonable allowance for their trouble, were all to be paid before any dividend among the general creditors, who are then to be paid in proportion to their respective debts. If the plaintiff could come in only as a general creditor, he clearly showed no right of action, for no dividend had been declared, in which his right or demand had been liquidated, and the proportion due to him ascertained. The error in the court below consisted in considering the loan, or advances of the plaintiff to satisfy the fees of the printer and the commissioner, the same as charges of proceedings under the act. These charges mean those which are rendered necessary by the act, and accrue to third persons who are bound to perform the services, such as the state printer and commissioner. A private loan to the insolvent to pay those charges, is a voluntary act of friendship, and is not entitled to that peculiar preference. Whoever advanced money for those purposes did it on the credit of the insolvent, and must stand on the same footing with the other creditors.
Judgment reversed.